Argued March 19, 1934.
The facts are stated in the opinion by HENDERSON, J., concurred in by the lower court in banc, which was as follows:
This matter is before the court in banc on exceptions to the findings of fact, discussion, conclusions of law and decree nisi of the chancellor. In disposing of these exceptions we are of the opinion that it is unnecessary to discuss here the vital question raised by them, which is the constitutionality of the Act of May 2, 1925, P. L. 502, amending section 8 of the Private Banking Act of 1911. It was contended before the chancellor that this act was unconstitutional and is so contended here. The constitutionality of this act is the crux of this case. The secretary of banking filed the usual certificate on taking possession of the bank reciting that "It appears that the aforesaid private bank is in an unsafe and unsound condition to continue business and has suspended the payment of obligations . . . . . . and in the opinion of *Page 131 
the secretary of banking it is necessary for the protection of the depositors and the public that the secretary of banking shall forthwith take possession of the business and property of the said private bank of Joseph Vecchio. . . . . ." Exceptions one, two, three and four to the chancellor's findings of fact allege error in going outside of the certificate filed by the secretary which are, in substance, that Vecchio desired and requested the secretary to take possession and that what he did was in response to such desire and request. It is contended now that these findings were irrelevant and immaterial. The testimony clearly justifies the findings. They were all the acts and declarations of Vecchio, and unquestionably furnished the information which justified the secretary of banking in issuing the certificate which he did. Vecchio was unable to continue in his banking business, realized it, and advised the Secretary to that effect. We cannot agree that such action and conduct on the part of Vecchio was an immaterial matter but, on the contrary, are of the opinion that it was a very relevant and material bit of testimony, as it established the cause which prompted the secretary of banking to take charge of the private bank.
The other questions raised by the exceptions relate to the constitutionality of the Act of 1925, supra, the last paragraph of the Act of June 15, 1923, P. L. 809, and the Act of May 5, 1927, P. L. 762 amending the last paragraph of section 21 of the Banking Act of 1923. It is claimed by the plaintiff that the Acts of 1925 and 1927, supra, are unconstitutional and that the last paragraph of section 21 of the Act of 1923 is void. We do not agree with this contention but are of the opinion that both the Act of 1925 and the Act of 1927 is constitutional, and that the last paragraph of section 21 of the Act of June 15, 1923, P. L. 809, is not void but is in effect and operative, and that under these acts of assembly the secretary of banking, in view of the information received by him from Vecchio, was authorized *Page 132 
to take possession of the private bank and banking business of Joseph Vecchio and to administer the same. These acts as to constitutionality and being applicable were discussed by the chancellor who heard the case. Further discussion here on the constitutionality of these acts of assembly would mean practically a repetition of what has already been said by the chancellor under the head of discussion in his findings of fact, discussion, conclusions of law and decree nisi, and the court here adopts what was there said by the chancellor as its opinion on the acts here questioned.
["The part of the opinion of the chancellor referred to above follows: It will be noticed that the Act of 1925 added to the Act of 1911 the provisions beginning with the word 'Provided.' It is claimed by the plaintiff that the Act of 1925 is unconstitutional on the ground that no notice of the change attempted to be made is given in the title. We do not agree with this contention. It appears to us that the title to this act is sufficient to give notice to any private banker that the act would affect his rights and duties as a banker and to put him on notice. The Act of 1911 provided a scheme for licensing and supervising certain private bankers who do not take advantage of section 8 by filing the bond which would exempt them from that supervision. The Act of 1925 provides certain exceptions to this scheme, inter alia, the examination of those who file the bond, and authority to take possession of such as are 'in an unsafe and unsound condition.' A banker operating under section 8 of the Act of 1911 upon reading the title to the Act of 1925 would have notice that additional exceptions to which the provisions of the act under which he was operating did not apply were made, and to that extent the Act of 1911 was being amended. The Act of 1911 excepted the licensee from doing certain things; the Act of 1925 made an exception to those exceptions."]
Plaintiff also urges as an exception to the findings of the chancellor that error was committed in holding *Page 133 
that the secretary of banking had the right and power to take charge of all of the property of the said Joseph Vecchio. As applicable to this case this exception is without merit, as it is clear that Mr. Vecchio considered and treated all of his property, real and personal, whether in the bank or out of the bank, as a part of the Joseph Vecchio private bank. He listed it all in the assets of the bank, kept the accounts of all of his various properties together, putting the receipts from all of his different lines of activities into one common fund, which was the private bank of Joseph Vecchio. We see no merit in his exception.
We are of the opinion that all of the exceptions should be overruled and dismissed.
Decree entered dismissing bill. Plaintiff appealed.
Errors assigned were overruling of exceptions, quoting record.
The judgment of the court below is affirmed on the opinions of Judge HENDERSON concurred in by the court in banc.